DANIEL V. STEENSON
[Idaho State Bar No. 4332]
DAVID P. CLAIBORNE
[Idaho State Bar No. 6579]
SAWTOOTH LAW OFFICES, PLLC
Golden Eagle Building
1101 W. River St., Ste. 110
P. O. Box 7985
Boise, Idaho  83707
Telephone:  (208) 629-7447
Facsimile:   (208) 629-7559
E-mail: dan@sawtoothlaw.com, david@sawtoothlaw.com

Attorneys for Applicant for Intervention

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO (SOUTHERN DIVISION)

| | |
|---|---|
| **ANIMAL LEGAL DEFENSE FUND**, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>**C.L. BUTCH OTTER**, in his official capacity as Governor of Idaho; and **LAWRENCE WASDEN**, in his official capacity as Attorney General of Idaho;<br><br>Defendants;<br><br>and<br><br>**THE IDAHO DAIRYMEN'S ASSOCIATION, INC.**, an Idaho nonprofit corporation;<br><br>Applicant for Intervention. | Case No. 1:14-cv-104-BLW<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PARTY-DEFENDANT** |

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PARTY-DEFENDANT - 1

**COMES NOW** the Applicant for Intervention, The Idaho Dairymen's Association, Inc. ("IDA"), an Idaho nonprofit corporation, by and through its attorneys of record, Sawtooth Law Offices, PLLC, and submits this memorandum in **SUPPORT** of its *Motion to Intervene as Party-Defendant*, which is filed herewith.

I.   **RELEVANT FACTS.**

In this action the Plaintiffs seek to invalidate I.C. § 18-7042, commonly referred to as the agricultural security law. The law was enacted this year in response to increasing threats of wrongful interference with agricultural operations, including so-called "undercover investigations" of agricultural operations that Plaintiffs support and wish to engage in with impunity. This particularly egregious interference occurs when individuals obtain access to, and even employment with, agricultural operations by misrepresenting their true identity and intentions to make audio and video recordings of the operation's activities, without the operator's knowledge or consent, for the purpose exposing the operator to potential criminal prosecution, media persecution, and potential financial ruin. *Bob Naerebout Affidavit*, ¶ 7, 8. This conduct invades privacy, disregards private property rights, undermines an employer's relationships with their employees, is intended to put operators out of business, leads to threats of death and harm, and is not sanctified by the First Amendment.

As the *Complaint* makes clear, animal agriculture is a specific target of the Plaintiffs and their colleagues, and at least one IDA member has been subjected to this type of cloak-and-dagger operation. *Bob Naerebout Affidavit*, ¶ 7, 8. Plaintiffs boast that they not only intend to repeat this interference with dairy operations, they have actually retained at least one "undercover investigator" to infiltrate more dairy operations. It is thus clear that IDA's members have been and will continue to be a target, and will need the protections provided by the Idaho Legislature in I.C. §18-7042.

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PARTY-DEFENDANT - 2

**II.   THE IDA IS ENTITLED TO INTERVENE AS A PARTY-DEFENDANT AS OF RIGHT.**

The IDA seeks to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2).  Said rule provides, in relevant part, as follows -

> On timely motion, the court must permit anyone to intervene who:
> . . .
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Ninth Circuit broadly interprets the requirements for intervention in favor of the applicant for intervention. United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004); United States v. City of Los Angeles, California, 288 F.3d 391, 397-98 (9th Cir. 2002) (citing Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1496 n. 8 (9th Cir. 1995)).  As such, district courts within the Ninth Circuit are guided primarily by practical and equitable considerations in determining whether intervention is appropriate.  Alisal Water Corp., 370 F.3d at 919.  All well-pleaded, nonconclusory allegations in the motion to intervene, the proposed responsive pleading in intervention, and supporting declarations are taken as true absent sham, frivolity, or other objections. Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001).  A Rule 24(a)(2) motion should be granted if -

> (1)   The applicant has a significant protectable interest relating to the property or transaction that is the subject of the action;
> (2)   Disposition of the action may, as a practical matter, impair or impede the applicants' ability to protect that interest;
> (3)   The existing parties <u>may</u> not adequately represent the applicants' interests; and
> (4)   The application is timely.

Id. (emphasis added) (citing City of Los Angeles, 288 F.3d at 397); See also Fed. R. Civ. P. 24(a)(2).

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PARTY-DEFENDANT - 3

> **A.   The IDA has a significant protectable interest relating to the transaction that is the subject of this action.**

The Ninth Circuit holds that intervention is allowed as a matter of right if a party has "a practical interest in the outcome" of the case. U.S. v. City of Los Angeles, Cal, 288 F.3d 391, 397-398 (9th Cir. 2002) (emphasis in original) (citation omitted). The Circuit has reasoned that -

> In evaluating whether these requirements are met, courts "are guided primarily by practical and equitable considerations."  Further, courts generally "construe[ ] [the Rule] broadly in favor of proposed intervenors." "'A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.'"

Id. (internal citations omitted).  "Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established." Southwest Center for Biological Diversity v. Berg, 268 F.3d at 818 (citing Greene v. United States, 996 F.2d 973, 976 (9th Cir.1993); Portland Audubon Soc'y v. Hodel, 866 F.2d 302, 308 (9th Cir.1989)). "It is generally enough that the interest [asserted] is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." Southwest Center for Biological Diversity v. Berg, 268 F.3d at 818 (citing Sierra Club v. United States EPA, 995 F.2d 1478, 1484 (9th Cir.1993)).

Notably, the Circuit has acknowledged that it has allowed intervention as a matter of right when the interests were less plainly protected by traditional legal doctrines. Sierra Club v. U.S. E.P.A., 995 F.2d 1478, 1482 -1483.  For example, in Washington State Bldg. & Constr. Trades Council v. Spellman, 684 F.2d 627 (9th Cir. 1982), cert. denied, 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1982), the court permitted intervention as of right by the advocacy group which had

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PARTY-DEFENDANT - 4

sponsored and lobbied for enactment of an antinuclear statute in a suit brought immediately after enactment of that statute challenging its constitutionality under the Supremacy and Commerce Clauses.  Also, in Idaho v. Freeman, 625 F.2d 886 (9th Cir.1980), the court held it was error to deny intervention as of right to the National Organization of Women in suit brought by the State of Idaho challenging procedures for implementation of measured suggested by the proposed Equal Rights Amendment.  In Sagebrush Rebellion v. Watt, 713 F.2d 525 (9th Cir. 1983), the court determined that the National Audubon Society ought to be allowed to intervene as of right to represent the interests of habitat advocates in a suit challenging administrative creation of a large conservation area.  As another example, in Yniguez v. Arizona, 939 F.2d 727 (9th Cir.1991), the court determined that sponsors of a ballot initiative declaring English to be the official language in litigation challenging the constitutionality of that statute ought to be permitted to intervene as of right in order to argue in favor of the legislation it had worked so hard to enact.  As is plainly apparent, the Ninth Circuit regularly permits interest groups with a significant interest in protecting legislation to intervene in actions challenging the same.

      ***B.    As a practical matter, disposition of this action may impair or impede the IDA's ability to protect its interests.***

Under the second part of the test for intervention, if an absent party would be substantially affected in a practical sense by the determination made in the action, then that party should be entitled to intervene. "It is generally agreed that in determining whether disposition of the action will impede or impair the movant's ability to protect its interest the question must be put into practical terms rather than in legal terms." 7C WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1908.2 at 368 (3rd ed. 2007 & Supp. 2010). "This rule is satisfied whenever

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PARTY-DEFENDANT - 5

disposition of the present action would put the movant at a practical disadvantage in protecting its interest." Id. at 369. The advisory committee notes to Rule 24 state that "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24 advisory notes; Southwest Center, 268 F.3d at 822.

IDA's members will be substantially affected by this Court's determination of the validity of I.C. § 18-7042. The *Complaint* makes clear that, without the protection the statute provides, IDA members will be again be targeted for clandestine infiltration by individuals masquerading as employees to gather evidence to be used against them in criminal prosecutions, media persecutions, and economic sabotage.

### C. *The existing Defendants may not adequately represent the interests of the IDA, and the interests they seek to protect are different than those of the IDA.*

The Ninth Circuit has a tripartite test for this third element of Rule 24(a): (1) whether the interests of the present party are such that it will undoubtedly make all of the intervenors' arguments; (2) whether the present party is capable and willing to make those arguments; and (3) whether the would-be intervenors would offer any necessary elements to the proceedings that other parties would neglect. Southwest Center, 268 F.3d at 822 (citing Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 838 (9th Cir. 1996)). The courts have been consistently clear that the burden on the applicant is minimal and the applicant need only show that representation of its interests by existing parties "may be" inadequate. Id. at 823. The court's focus should be on the subject of the action and not merely the particular issues before the court at the time of the motion. Id. Any presumption of adequate representation due to a shared ultimate objective is rebuttable if IDA and the existing

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PARTY-DEFENDANT - 6

Defendants have incongruent interests. Id.  Inadequate representation may be found when the applicant asserts a discrete, personal interest that does not belong to the general public. Forest Conservation Council v. United States Forest Service, 66 F.3d 1489, 1499 (9th Cir. 1995) (quoting 3B Moore's Federal Practice, ¶ 24.07 [4] at 24-78 (2d ed. 1995)).  With respect to private interests, it should not be expected that a governmental entity will protect private interests because it has different and varying priorities - that is, while the original party and intervenor may share in the interest of the ultimate outcome, inadequate representation arises where the intervenor has property or financial interests at stake that create an incentive to make additional arguments that a government entity may not advance.  Southwest Center, 268 F.3d at 823.

If an original party does not have access to relevant facts that are available to an intervenor, or where the original parties lack the technical knowledge and expertise that form the basis for the transaction at issue in the action, and the intervenor has that knowledge and expertise, then inadequate representation arises. General Motors Corporation v. Burns, 50 F.R.D. 401, 405-06 (D. Haw. 1970).  In the General Motors case, the court held it was appropriate to allow an auto dealer association to intervene in an action brought to enjoin application and enforcement of a statute because (1) the auto dealer association assisted in drafting the statute, (2) the association officers testified on the need for the legislation at legislative hearings, (3) the association identified for the legislature the abuses giving rise to the need for the legislation, (4) the association provided the legislature with the resource information demonstrating the need for the legislation to protect public interests, and (5) the association had unique knowledge of the industry sought to be protected by the challenged statute.  As will be demonstrated below, the IDA is similarly situated in the context of this action, and therefore its interests may not be adequately protected by the original Defendants.

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PARTY-DEFENDANT - 7

IDA's members clearly have discrete, personal interests that do not belong to the general public. IDA's members are specific targets for the clandestine activities advocated by the Plaintiffs and conducted by activist groups like Mercy for Animals. The 2012 infiltration and subsequent media persecution of one of IDA's members presage the declarations by several Plaintiffs that they intend to do more of the same. Given IDA's 2012 experience and its participation in the legislative process, IDA is in a unique position to explain their interests which are at stake in this litigation, and explain how the statute protects them. The *Complaint* and its allegations plainly acknowledge and recognize that the IDA and its members actively brought about enactment of the statute challenged in this action in precisely the same manner as the auto dealers in General Motors.

        D.      ***IDA's motion to intervene is timely brought.***

Whether an application to intervene is timely requires that the court consider - (1) the stage of the proceedings at which the applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of any delay. See Alisal Water Corp., 370 F.3d at 921 (citing Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc., 309 F.3d 1113, 1119 (9th Cir. 2002)).

This action, as well as the challenged law itself, is in its early stages. The *Complaint* alleges no allegations of current enforcement efforts of the law that have harmed the Plaintiffs. The Plaintiffs have not sought any form of immediate or extraordinary relief. The challenged statute just took effect on February 28, 2014. See *Complaint* (Dkt. No. 1), at ¶ 44. This action was initiated on March 17, 2014. A scheduling order has not yet been entered. A scheduling conference is not scheduled until May 8, 2014, and the IDA is available to participate in that proceeding. A *Motion to Dismiss* has been advanced by the original Defendants, filed April 3, 2014. It has yet to be set for

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PARTY-DEFENDANT - 8

hearing, but responsive briefing from the Plaintiffs is due April 24, 2014, about one week from the filing of this request for intervention. Clearly, this action is in its infancy.

Furthermore, no discovery has apparently been conducted. Undersigned counsel has been advised that the original Defendants will not oppose intervention. The IDA intends to adopt as its initial responsive pleading, the *Motion to Dismiss* already filed by the original Defendants. The IDA does not seek leave to submit additional opening briefing on the *Motion to Dismiss*, and is prepared and willing to file its memorandum in reply to the response of Plaintiffs in accordance with the time rules this Court imposes, or within forty-eight (48) hours of the IDA being granted leave to intervene, whichever date is later. Clearly, allowing intervention will not prejudice the existing parties to this action. Even more clearly, the IDA has not sought sat on its laurels or delayed the brining of its request for intervention. It is bringing this request at a very timely and appropriate time so as to ensure the proceedings are not delayed by their intervention.

### III. THE IDA IS ENTITLED TO PERMISSIVELY INTERVENE AS A PARTY-DEFENDANT.

In the alternative to intervention as of right, the IDA is entitled to permissively intervene in this action. Fed. R. Civ. P. 24(b) provides a basis for permissive intervention, and provides, in relevant part, as follows -

> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
> . . .
> (B) has a claim or defense that shares with the main action a common question of law or fact.
> . . .
> (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PARTY-DEFENDANT - 9

Whether to allow permissive intervention is a discretionary decision for this Court. There are basically three elements a party must establish to be entitled to permissively intervene in an action. "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." <u>San Jose Mercury News, Inc. v. U.S. Dist. Court--Northern Dist. (San Jose)</u>, 187 F.3d 1096, 1100 (9th Cir. 1999).

### A. The IDA has independent grounds for jurisdiction in the underlying action.

Plaintiffs bring this action challenging an Idaho statute as impermissible under the United States Constitution based on the Supremacy Clause, First Amendment and Fourteenth Amendment. These are all claims arising under the Constitution for which federal question jurisdiction arises under 28 U.S.C. 1331. The IDA intends to present defenses to these claims, and therefore has an independent basis for jurisdiction that would exist even if the IDA was the sole party-defendant.

### B. IDA's motion to intervene is timely brought.

For the reasons discussed and argued above at Section II.D. of this *Memorandum*, the IDA has timely advanced its motion to intervene.

### C. The IDA has claims and defenses that involve questions of law and fact in common with the original action brought by Plaintiffs.

A party seeking permissive intervention as a defendant has a defense in common with the underlying action so long as the intervenor may assert a defense that is directly responsive to the claims made by the original plaintiffs. <u>Kootenai Tribe of Idaho v. Veneman</u>, 313 F.3d 1094, 1110 (9th Cir. 2002) (holding that intervenors satisfied Rule 24(b) because they asserted defenses directly responsive to the claims for injunction). Furthermore, permissive intervention is appropriate where

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PARTY-DEFENDANT - 10

the intervenor has some "economic interest in the outcome of the suit." WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1911 at 452.  The argument provided above, as well as the applicant's supporting affidavit filed herewith, firmly establish that the IDA, and its members, have specific and unique private economic interests in the outcome of this action, and these strong interests need to be protected on their specific behalf.  As such, at a minimum, permissive intervention is appropriate.

IV.     **CONCLUSION.**

For the above and foregoing reasons, The Idaho Dairymen's Association, Inc. ought to be permitted to intervene in this action as a party-defendant, and its *Motion to Intervene as Party-Defendant* ought to be **GRANTED**.

**DATED** this 18th day of April, 2014.

SAWTOOTH LAW OFFICES, PLLC

by:_____/s/_____
　　　Daniel V. Steenson
　　　David P. Claiborne

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PARTY-DEFENDANT - 11

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing document was served on the following on this 18th day of April, 2014 by the following method:

| | |
|---|---|
| **JUSTIN MARCEAU** | [__]  U.S. First Class Mail, Postage Prepaid |
| **ATTORNEY AT LAW** | [__]  U.S. Certified Mail, Postage Prepaid |
| 2255 E. Evans. Ave. | [__]  Federal Express |
| Denver, CO 80210 | [__]  Hand Delivery |
| Telephone: (303) 871-6449 | [__]  Facsimile |
| Facsimile: n/a | [_X_]  Electronic Mail or CM/ECF |
| E-Mail:jmarceau@law.du.edu | |
| *Attorneys for Plaintiffs* | |

| | |
|---|---|
| **MARIA E. ANDRADE** | [__]  U.S. First Class Mail, Postage Prepaid |
| **ANDRADE LEGAL, INC.** | [__]  U.S. Certified Mail, Postage Prepaid |
| PO Box 2109 | [__]  Federal Express |
| Boise, ID 83701 | [__]  Hand Delivery |
| Telephone: (208)342-5100 | [__]  Facsimile |
| Facsimile: (208) 342-5101 | [_X_]  Electronic Mail or CM/ECF |
| E-Mail:mandrade@andradelegal.com | |
| *Attorneys for Plaintiffs* | |

| | |
|---|---|
| **MATTHEW G. LIEBMAN** | [__]  U.S. First Class Mail, Postage Prepaid |
| **ANIMAL LEGAL DEFENSE FUND** | [__]  U.S. Certified Mail, Postage Prepaid |
| 170 E. Cotati Avenue | [__]  Federal Express |
| Cotati, CA 94931 | [__]  Hand Delivery |
| Telephone: (707) 795-2533 ext. 1028 | [__]  Facsimile |
| Facsimile: n/a | [_X_]  Electronic Mail or CM/ECF |
| E-Mail: mliebman@aldf.org | |
| *Attorneys for Plaintiffs* | |

| | |
|---|---|
| **MATTHEW DANIEL STRUGAR** | [__]  U.S. First Class Mail, Postage Prepaid |
| **ATTORNEY AT LAW** | [__]  U.S. Certified Mail, Postage Prepaid |
| 2154 W. Sunset Blvd. | [__]  Federal Express |
| Los Angeles, CA 90026 | [__]  Hand Delivery |
| Telephone: (323) 210-2263 | [__]  Facsimile |
| Facsimile: n/a | [_X_]  Electronic Mail or CM/ECF |
| E-Mail:matthew-s@petaf.org | |
| *Attorneys for Plaintiffs* | |

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PARTY-DEFENDANT - 12

| | |
|---|---|
| **RICHARD ALAN EPPINK**<br>**AMERICAN CIVIL LIBERTIES UNION**<br>**OF IDAHO FOUNDATION**<br>PO Box 1897<br>Boise, ID 83701<br>Telephone: (208) 344-9750 ext. 1202<br>Facsimile: (208) 344-7201<br>E-Mail:reppink@acluidaho.org<br>*Attorneys for Plaintiffs* | [__]  U.S. First Class Mail, Postage Prepaid<br>[__]  U.S. Certified Mail, Postage Prepaid<br>[__]  Federal Express<br>[__]  Hand Delivery<br>[__]  Facsimile<br>[_X_]  Electronic Mail or CM/ECF |
| **PAIGE M. TOMASELLI**<br>**CENTER OF FOOD SAFETY**<br>303 Sacramento Street, 2nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 826-2770<br>Facsimile: n/a<br>E-Mail:ptomaselli@centerforfoodsafety.org<br>*Attorneys for Plaintiffs* | [__]  U.S. First Class Mail, Postage Prepaid<br>[__]  U.S. Certified Mail, Postage Prepaid<br>[__]  Federal Express<br>[__]  Hand Delivery<br>[__]  Facsimile<br>[_X_]  Electronic Mail or CM/ECF |
| **THOMAS C. PERRY**<br>**CALLY A. YOUNGER**<br>**COUNSEL TO THE GOVERNOR**<br>**OFFICE OF THE GOVERNOR**<br>State Capitol<br>PO Box 83720<br>Boise, ID 83720<br>Telephone: (208) 334-2100<br>Facsimile: (208) 334-3454<br>E-Mail: tom.perry@gov.idaho.gov<br>          cally.younger@gov.idaho.gov<br>*Attorneys for Defendant - Otter* | [__]  U.S. First Class Mail, Postage Prepaid<br>[__]  U.S. Certified Mail, Postage Prepaid<br>[__]  Federal Express<br>[__]  Hand Delivery<br>[__]  Facsimile<br>[_X_]  Electronic Mail or CM/ECF |

| | |
|---|---|
| **CLAY R. SMITH** | [__] U.S. First Class Mail, Postage Prepaid |
| **CARL J. WITHROE** | [__] U.S. Certified Mail, Postage Prepaid |
| **IDAHO ATTORNEY GENERAL** | [__] Federal Express |
| PO Box 83720 | [__] Hand Delivery |
| Boise, ID 83720-0010 | [__] Facsimile |
| Telephone: (208) 334-4118 | [_X_] Electronic Mail or CM/ECF |
| Facsimile: (208) 854-8073 | |
| E-Mail: clay.smith@ag.idaho.gov | |
| carl.withroe@ag.idaho.gov | |
| *Attorneys for Defendant - Wasden* | |

_____/s/_____
Daniel V. Steenson
David P. Claiborne

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PARTY-DEFENDANT - 14