UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF the IDAHO

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>C.L. BUTCH OTTER, in his official capacity as Governor of Idaho; and LAWRENCE WASDEN, in his official capacity as State of Idaho,<br><br>              Defendants. | Case No. 1:14-cv-00104-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is a motion to intervene filed by the Idaho Dairymen's Association, Inc. (the "IDA") (Dkt. 16). The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion and not allow the applicants to intervene.

**ORDER - 1**

**BACKGROUND**

The Animal Legal Defense Fund, et al[1] (collectively, "ALDF") challenge Section 18-7042, Idaho Code, as unconstitutional. The ALDF alleges that section 18-7042 has both the purpose and effect of stifling public debate about modern agriculture "by (1) criminalizing all employment-based undercover investigations; and (2) criminalizing investigative journalism, whistleblowing by employees, or other expository efforts that entail images or sounds." *Compl.* ¶ 14, Dkt. 1. Based on these allegations, the ALDF's complaint raises two substantive constitutional challenges against the State[2] – violation of the Free Speech Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment – as well as preemption claims under three different federal statutes. *Id.* ¶¶ 144-68.

Proposed Intervenor, the Idaho Dairymen's Association, is an agricultural trade association and the driving force behind enactment of section 18-7042. The IDA seeks to intervene because its members are "a specific target" of the undercover investigations and videography the law prohibits, and therefore have a special interest in ensuring that "the

---

[1] The other plaintiffs include non-profit organizations People for the Ethical Treatment of Animals, American Civil Liberties Union of Idaho, Center for Food Safety, Farm Sanctuary, River's Wish Animal Sanctuary, Western Watersheds Project, Sandpoint Vegetarians, Idaho Concerned Area Residents for the Environment, Idaho Hispanic Caucus Institute for Research & Education, and Farm Forward; the news journal CounterPunch; author and journalist Will Potter; animal agriculture scholar and historian James McWilliams; investigator Monte Hickman; freelance journalist Blair Koch; and agricultural investigations expert Daniel Hauff.

[2] State defendants include Governor Butch Otter and Attorney General Lawrence Wasden.

protections provided by the Idaho Legislature in I.C. § 18-7042" remain in effect. *IDA Opening Br.* at 2, Dkt. 16-1.

On the basis of these interests, the IDA seeks intervention as of right and permissive intervention. The ADLF opposes intervention on the grounds that the State will adequately protect the IDA's interests.

## LEGAL STANDARD

Rule 24(a) contains the standards for intervention as of right, and it states in pertinent part as follows:

> Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Circuit has distilled this provision into a four-part test: (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th 2001).

In general, the Court must construe Rule 24(a) liberally in favor of potential intervenors. *Id.* at 818. Moreover, the Court's evaluation is "guided primarily by practical

**ORDER - 3**

considerations," not technical distinctions. *Id.* However, "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

## ANALYSIS

### 1. Intervention as a Matter of Right

Challenging the IDA's motion to intervene as a matter of right, the ALDF focuses primarily on the fourth factor. The fourth element requires the Court to consider whether the interests of the applicants may be adequately represented by the State. In resolving this issue, the Court must consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Berg, 268 F.3d at 822*. Although courts construe Rule 24(a)(2) broadly in favor of proposed intervenors, the applicant bears the ultimate burden of demonstrating that the existing parties may not adequately represent its interest. *Id.* To meet this burden, the applicant need only show that representation of its interests by existing parties "may be" inadequate. *Id.*

When the party and the proposed intervenor share the same "ultimate objective," however, a presumption of adequacy of representation applies. *Freedom From Religion Foundation, Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011). Such presumption can be rebutted only by "a compelling showing to the contrary." *Id.* An assumption of adequacy

**ORDER - 4**

also arises when the government is acting on behalf of a constituency that it represents. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Absent a "very compelling showing to the contrary, it is assumed that the state adequately represents its citizens when the proposed intervenor shares the same interest. *Id.*

Here, both the State and the IDA share the same ultimate objective –ensuring that the agricultural security act is upheld. Because they share the same ultimate objective, a presumption of adequate representation arises, which the IDA must rebut.

But the IDA fails to rebut this presumption. The IDA explains that its participation in this lawsuit is necessary because the IDA "asserts a discrete, personal interest that does not belong to the general public," and it has property or financial interests at stake that create an incentive to make additional arguments that the State may not advance. *IDA's Opening Br.* at 7, Dkt. 16-1. Also, the IDA argues, the State lacks specialized knowledge and expertise regarding the issues at play, which the IDA possesses. None of these arguments is convincing.

First, "mere differences in litigation strategy are not enough to justify intervention as a matter of right." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 954 (9th Cir. 2009). So the fact that the State "***may*** take a more cautious, balanced approach as to issues related to federal preemption and whistleblower protection," *IDA's Reply* at 4, Dkt. 41, is not a compelling showing that overcomes the presumption of adequate representation. Indeed, a review of the State's motion to dismiss and supporting briefing illustrates its intention to mount a vigorous defense of section 18-7042. And there is no

**ORDER - 5**

reason to believe that Governor Otter and Attorney General Wasden cannot be "counted on to argue vehemently in favor of the constitutionality of [section 18-7042]." *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1306 (9th Cir. 1997). In fact, the State's proactive filing of a motion to dismiss and the arguments they have advanced in support of that motion, suggest precisely the opposite conclusion. *Id.*

Likewise, the IDA's professed expertise in the subject of the dispute does not amount to a compelling showing of inadequate representation by the State. *See, e.g., Prete v. Bradbury*, 438 F.3d 949, 958 -959 (9th Cir. 2006). While the IDA may have some specialized knowledge regarding section 18-7042 and the protections it affords to the agricultural industry, it provides no evidence that Governor Otter and Attorney General Wasden lack comparable expertise. *Id.* But even if they did, Governor Otter and Attorney General Wasden "could also acquire additional specialized knowledge through discovery (*e.g.,* by calling upon intervenor-defendants to supply evidence) or through the use of experts." *Id.* at 958. "Thus, such a reason is insufficient to provide the 'compelling showing' necessary to overcome the presumption of adequate representation." *Id.* at 959.

2. **Permissive Intervention**

Rule 24(b) allows permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common...." Fed.R.Civ.P. 24(b). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* When a proposed intervenor has met those requirements, "The court may also consider other

factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest" and "whether the intervenors' interests are adequately represented by other parties.'" *Perry*, 587 F.3d at 955 (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

The Court finds that the IDA meets all the requirements for permissive intervention. And the Court does not believe that the IDA's participation would delay or prejudice the proceedings. But for the same reason the Court denied the IDA's application to intervene as a matter of right, it will deny its motion for permissive intervention. As described above, the State and the IDA's goals in this proceeding are identical, and the State can adequately represent those interests.

The Court, however, will grant the IDA amicus curiae status, if the IDA so requests.

## ORDER

**IT IS ORDERED that** the IDA's Motion to Intervene (Dkt. 16) is **DENIED**.



DATED: June 16, 2014

B. Lynn Winmill
Chief Judge
United States District Court

**ORDER - 7**