UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> C.L. BUTCH OTTER, in his official capacity as Governor of Idaho; and LAWRENCE WASDEN, in his official capacity as State of Idaho, <br><br> Defendants. | Case No. 1:14-cv-00104-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it the Idaho Dairymen's Association's ("IDA") Motion to Reconsider the Order Denying Intervention (Dkt. 61). For the reasons set forth below, the Court will deny the Motion.

## LEGAL STANDARD

Rule 59 is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Motions to reconsider are requests for an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.

ORDER - 1

2003). The high bar that movants must overcome to prevail on a motion for reconsideration reflects the courts' "concerns for preserving dwindling resources and promoting judicial efficiency." *Costello v. United States Gov't*, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991).

As a result, there are four limited grounds upon which a motion to alter or amend judgment may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

A court may grant a party relief from a final judgment under Rule 60(b) for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b), like Rule 59(e), should be used "sparingly as an equitable remedy to prevent manifest injustice" and only in "extraordinary circumstances." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (citing *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

The catch-all provision of Rule 60(b)(6) should only be granted "as an equitable remedy to prevent manifest injustice," *United States v. Washington*, 98 F.3d 1159, 1163

(9th Cir. 1996) (internal quotation marks omitted), or where the movant shows extraordinary circumstances justifying relief. *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005).

## ANALYSIS

The Court previously determined that the IDA should not be permitted to intervene as of right in this action because its interests are adequately represented by the State of Idaho. *Memorandum Decision and Order dated June 16, 2014* at 5, Dkt. 48. The Court further determined that although the IDA met all requirements for permissive intervention, permissive intervention was not appropriate because "the State can adequately represent [the] interests" of the IDA. *Id.* at 7.

The IDA now asks the Court to reconsider this decision. It does not, however: (1) identify any error of law or fact; (2) identify any new evidence in support of its motion; (3) argue that the Court's decision would result in any manifest injustice; or (4) claim any change in the controlling case law since the Court denied its motion. In fact, the IDA cites no new law in support of its motion. Instead, it only argues that ALDF's characterization of its amicus brief as raising "multiple arguments not presented by the Defendants" warrants this Court's reconsideration of the order denying the IDA intervenor status. *IDA's Opening Br.* at 3, Dkt. 61-1. In other words, IDA fails to meet the standards for reconsideration. The Court will therefore deny the IDA's motion to reconsider.

ORDER - 3

## ORDER

**IT IS ORDERED that** Idaho Dairymen's Association's ("IDA") Motion to Reconsider the Order Denying Intervention (Dkt. 61) is DENIED.

DATED: October 14, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court

ORDER - 4