Norman M. Semanko, ISB No. 4761
MOFFATT, THOMAS, BARRETT, ROCK &
FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Telephone (208) 345-2000
Facsimile (208) 385-5384
nms@moffatt.com
25901.0000

Attorneys for *Amicus Curiae*
Idaho Farm Bureau Federation, Inc.,
Idaho Heartland Coalition, Inc.,
Food Producers of Idaho, Inc., and
Idaho Cattle Association, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>C.L. "BUTCH" OTTER, in his official capacity as Governor of Idaho; and LAWRENCE WASDEN, in his official capacity as Attorney General of Idaho;<br><br>Defendants. | Case No. 1:14-CV-00104-BLW<br><br>***AMICUS CURIAE* IDAHO AGRICULTURAL GROUPS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

COME NOW Idaho Farm Bureau Federation, Inc., Idaho Heartland Coalition, Inc., Idaho Cattle Association, Inc., and Food Producers of Idaho, Inc. (collectively referred to hereinafter as the "Idaho Agricultural Groups"), through their undersigned counsel, Moffatt

Thomas Barrett Rock & Fields, Chtd., and respectfully submit this brief in opposition to the Plaintiffs' Motion for Partial Summary Judgment.

The argument below is offered for the Court's consideration and is meant to be supportive of, and complementary to, the briefs filed by the Defendant and *amicus curiae* Idaho Dairymen's Association.

## I.
## ARGUMENT

### A. Section 18-7042 Is Not The Most Sweeping Agricultural Security Legislation Adopted In The United States To-Date

ALDF contends that Idaho has adopted the most sweeping legislation in the nation addressing the protection of agricultural facilities from invasions on their privacy and property interests. *See* Dkt. 74-1 at 7. This statement is unsupported by any reference to facts in the record. This is likely because the statement is not accurate. Efforts regarding passage of agricultural security legislation are not uncommon.

The following states have, in recent years, considered, and rejected, such legislation: Arkansas (Senate Bill 14, failed in 2013)[1]; California (AB-343, 2013, died pursuant to Art. IV, Sec 10(c) of California Constitution)[2]; Florida (House Bill 1021, Senate Bill 1184, died in committee March 9, 2012)[3]; Illinois (HB5143, tabled)[4]; Minnesota (Senate File

---

[1] *See* http://www.arkleg.state.ar.us/assembly/2013/2013R/Bills/SB14.pdf. Last accessed on January 27, 2015.

[2] *See* http://leginfo.legislature.ca.gov/faces/billHistoryClient.xhtml. Last accessed on January 30, 2015

[3] *See* http://flhouse.gov/Sections/Bills/billsdetail.aspx?BillId=48259. Last accessed on January 27, 2015.

[4] *See* http://www.ilga.gov/legislation/BillStatus.asp?GAID=11&GA=99&DocNum=5143&DocTypeID=HB&SessionID=84&LegID=65244&SpecSess=&Session=#actions. Last accessed on January 30, 2015

No. 1118[5] and House File No. 1369[6]—pending in 2015 in committee)[7]; Nebraska (LB915; indefinitely postponed)[8]; New Mexico (Senate Bill 552)[9]; New Hampshire (House Bill 110, held in committee in 2013)[10]; New York (Senate Bill 5172-2011, died in committee in 2011)[11]; North Carolina (Senate Bill 648, failed in 2013)[12]; Pennsylvania (House Bill 683)[13]; Vermont (Senate Bill 162, pending in committee)[14]; Washington (Senate Bill 6566)[15]; and Wyoming (House Bill 126).[16]

However, many states have adopted legislation protecting agricultural operations from wrongful interference. Idaho is of course among those states. The other states are Indiana

---

[5] *See* https://www.revisor.mn.gov/bills/text.php?number=Sf1118&version=0&session=ls87&format=pdf. Last accessed on January 27, 2015.

[6] *See* https://www.revisor.mn.gov/bills/text.php?number=Hf1369&version=0&session=ls87. Last accessed on January 27, 2015.

[7] *See* http://www.house.leg.state.mn.us/bills/unofficialstatus.asp?ls_year=87&billnumber=HF1369&session_number=0&session_year=2011.

[8] *See* http://www.nebraskalegislature.gov/bills/view_bill.php?DocumentID=15926. Last accessed on January 30, 2015.

[9] *See* http://www.nmlegis.gov/Sessions/13%20Regular/bills/senate/SB0552.pdf. Last accessed on January 30, 2015.

[10] *See* https://legiscan.com/NH/text/HB110/id/679691. Last accessed on January 27, 2015.

[11] *See* http://open.nysenate.gov/legislation/bill/S5172-2011. Last accessed on January 27, 2015.

[12] *See* http://www.ncga.state.nc.us/Sessions/2013/Bills/Senate/PDF/S648v2.pdf. Last accessed on January 27, 2015.

[13] *See* http://www.legis.state.pa.us/cfdocs/billinfo/bill_history.cfm?syear=2013&sind=0&body=H&type=B&bn=683. Last accessed on January 30, 2015.

[14] *See* http://legislature.vermont.gov/bill/status/2014/S.162#detailed-status. Last accessed on January 30, 2015.

[15] *See* http://apps.leg.wa.gov/documents/billdocs/2009-10/Pdf/Bills/Senate%20Bills/6566.pdf. Last accessed on January 30, 2015.

[16] *See* http://legisweb.state.wy.us/2013/Bills/HB0126.pdf. Last accessed on January 30, 2015.

(INDIANA CODE § 35-43-1-2, eff. Jul. 1, 2014; and INDIANA CODE § 35-43-2-2, eff. Jul. 1, 2014), Iowa (IOWA CODE § 717A.3A, eff. 2012), Kansas (KANSAS CODE 48-1827(c)), Missouri (R.S.MO. § 578.013, eff. Aug. 28, 2012), Montana (MONT. CODE 81-30-103(2)), North Dakota (NO. DAK. CODE 12.1-21.1-02(6)), South Carolina (SOUTH CAROLINA CODE OF LAWS, Title 47, Chapter 21), Tennessee (TENN. CODE §39-14-801 – 806), and Utah (UTAH CODE § 76-6-112, eff. May 8, 2012). A review of several of these statutes shows that Section 18-7042 is no more sweeping or breath-taking than action taken outside Idaho.

1. IOWA'S STATUTE. Iowa's statute is known as "agricultural production facility fraud," and it provides as follows:

> 1. A person is guilty of agricultural production facility fraud if the person willfully does any of the following:
> a. Obtains access to an agricultural production facility by false pretenses.
> b. Makes a false statement or representation as part of an application or agreement to be employed at an agricultural production facility, if the person knows the statement to be false, and makes the statement with an intent to commit an act not authorized by the owner of the agricultural production facility, knowing that the act is not authorized.
>
> 2. A person who commits agricultural production facility fraud under subsection 1 is guilty of the following:
>
> a. For the first conviction, a serious misdemeanor.
>
> b. For a second or subsequent conviction, an aggravated misdemeanor.
>
> 3. a. A person who conspires to commit agricultural production facility fraud under subsection 1 is subject to the provisions of chapter 706. A person who aids and abets in the commission of agricultural production facility fraud under subsection 1 is subject to the provisions of chapter 703. When two or more persons, acting in concert, knowingly participate in committing agricultural production facility fraud under subsection 1, each person is responsible for the acts of the other person as provided in

> section 703.2. A person who has knowledge that agricultural production facility fraud under subsection 1 has been committed and that a certain person committed it, and who does not stand in the relation of husband or wife to the person committing the agricultural production facility fraud under subsection 1, and who harbors, aids, or conceals the person committing the agricultural production facility fraud under subsection 1, with the intent to prevent the apprehension of the person committing the agricultural production facility fraud under subsection 1, is subject to section 703.3.
>
> b. A trial information or an indictment relating to agricultural production facility fraud under subsection 1 need not contain allegations of vicarious liability as provided in chapter 703.

IOWA CODE § 717A.3A. Iowa's statute has not been invalidated on any grounds as unconstitutional, and is not the subject of any current action challenging its validity.

2. KANSAS STATUTE. Kansas has also adopted protections for agricultural enterprises from unauthorized recordings by adopting the following statute:

> (c) No person shall, without the effective consent of the owner and with the intent to damage the enterprise conducted at the animal facility:
>
> . . .
>
> (4) enter an animal facility to take pictures by photograph, video camera or by any other means.

KANSAS CODE 48-1827(c). Kansas' statute has not been invalidated on any grounds as unconstitutional, and is not the subject of any current action challenging its validity.

3. MISSOURI'S STATUTE. Missouri's statute is known as "duty to submit videotape evidence of animal abuse or neglect," and it provides as follows:

> 1. Whenever any farm animal professional videotapes or otherwise makes a digital recording of what he or she believes to depict a farm animal subjected to abuse or neglect under sections 578.009 or 578.012, such farm animal professional shall have a

> duty to submit such videotape or digital recording to a law enforcement agency within twenty-four hours of the recording.
>
> 2. No videotape or digital recording submitted under subsection 1 of this section shall be spliced, edited, or manipulated in any way prior to its submission.
>
> 3. An intentional violation of any provision of this section is a class A misdemeanor.

R.S.MO. § 578.013. Missouri's statute has not been invalidated on any grounds as unconstitutional, and is not the subject of any current action challenging its validity.

4. MONTANA STATUTE. Montana's statute protecting agricultural enterprises provides that:

> A person who does not have the effective consent of the owner and who intends to damage the enterprise conducted at an animal facility may not:
>
> . . .
>
> (e) enter an animal facility to take pictures by photograph, video camera, or other means with the intent to commit criminal defamation.

MONT. CODE 81-30-103(2). Montana's statute has not been invalidated on any grounds as unconstitutional, and is not the subject of any current action challenging its validity.

5. NORTH DAKOTA STATUTE. North Dakota is another state protecting farms and ranches from unauthorized recordings by its law that provides as follows:

> No person without the effective consent of the owner may:
>
> . . .
>
> 6. Enter an animal facility and use or attempt to use a camera, video recorder, or any other video or audio recording equipment.

NO. DAK. CODE 12.1-21.1-02(6). North Dakota's statute has not been invalidated on any grounds as unconstitutional, and is not the subject of any current action challenging its validity.

6. UTAH'S STATUTE. Utah's statute is known as "agricultural operation interference," and it provides as follows:

> (1) As used in this section, "agricultural operation" means private property used for the production of livestock, poultry, livestock products, or poultry products.
>
> (2) A person is guilty of agricultural operation interference if the person:
>
> (a) without consent from the owner of the agricultural operation, or the owner's agent, knowingly or intentionally records an image of, or sound from, the agricultural operation by leaving a recording device on the agricultural operation;
>
> (b) obtains access to an agricultural operation under false pretenses;
>
> (c) (i) applies for employment at an agricultural operation with the intent to record an image of, or sound from, the agricultural operation;
>
> (ii) knows, at the time that the person accepts employment at the agricultural operation, that the owner of the agricultural operation prohibits the employee from recording an image of, or sound from, the agricultural operation; and
>
> (iii) while employed at, and while present on, the agricultural operation, records an image of, or sound from, the agricultural operation; or
>
> (d) without consent from the owner of the operation or the owner's agent, knowingly or intentionally records an image of, or sound from, an agricultural operation while the person is committing criminal trespass, as described in Section 76-6-206, on the agricultural operation.
>
> (3) A person who commits agricultural operation interference described in Subsection (2)(a) is guilty of a class A misdemeanor.

> (4) A person who commits agricultural operation interference described in Subsection (2)(b), (c), or (d) is guilty of a class B misdemeanor.

UTAH CODE § 76-6-112. At present, Utah's statute has not been invalidated on any grounds as unconstitutional. It is, however, subject to pending proceedings which seek such relief, and which are discussed in more detail below.

7. SIMILARITIES OF STATUTES. There are striking similarities between Idaho and Utah's agricultural security legislation. Foremost, both statutes are designed to protect the personal privacy and private property rights of agricultural production facilities and their owners. Privacy and property interests have been identified by both states as needing protection from bad actors who desire to intentionally interfere with agricultural operations. Generally, these bad acts come in the form of misrepresentation, threat, force, theft and by publication of edited recordings. Not surprisingly, the statutes are therefore directed at that wrongful conduct. Additionally, both Idaho and Utah focus on protection of private enterprise in their private areas.

The states of Idaho, Kansas, Missouri, Montana, North Dakota and Utah have adopted similar statutes that prohibit unauthorized recording in private places related to agricultural production. Each statute allows recording with permission of the premises owner, or his agent. This again evidences a legislative intent and balancing of constitutional rights, ensuring that core, fundamental rights of privacy and property ownership are protected from wrongful conduct.

Idaho, Iowa and Utah all protect agricultural operations from those that would make false statements in order to injure another. Utah and Iowa have almost identical provisions which focus on individuals using false pretenses to gain access to an agricultural production

facility. Idaho and Iowa adopted additional statutory provisions to ensure individuals make truthful statements to prospective employers at agricultural production facilities. Iowa's provision merely requires that the speaker of the misrepresentation make the statement as part of an "application or agreement to be employed at an agricultural production facility", and that the speaker know that the statement transmitted either orally or written was false, and the statement was made with the intent to commit an act the speaker knew was not authorized by the owner of the agricultural production facility owner. This of course is just a longer way of saying "misrepresentation," as Idaho has done—the word "misrepresentation" of course carrying a legal meaning that incorporated the elements of publication, knowledge and reliance.

8. LEGAL CHALLENGE IN UTAH. Utah's agricultural protection law, Utah Code 76-6-112, is presently being challenged as unconstitutional based on the First and Fourteenth Amendments, as well as the Supremacy Clause. *ALDF v. Herbert, Reyes*, Case No. 2:13-cv-679-RJS, Dkt. 2 (July 22, 2013) (D. Utah). The action was initiated by Animal Legal Defense Fund ("ALDF"), People for the Ethical Treatment of Animals ("PETA"), Counterpunch, Amy Meyer, Will Potter, Daniel Hauff, James McWilliams and Jesse Fruhwirth. Since filing the Complaint, the Court has dismissed the following Plaintiffs for lack of standing: Counterpunch, Will Potter, James McWilliams, and Jesse Fruhwith. *Id.*, Dkt. 53 (Aug. 8, 2014). The Defendants in this matter are Utah Governor Gary Herbert and Utah Attorney General Sean D. Reyes. *Id.*, Dkt. 2 (July 22, 2013).

The Utah action alleges four causes of action. ***First***, that Utah's statute is a violation of the First Amendment as the statute is overbroad (overbreadth) by prohibiting "substantially more speech than the First Amendment permits." *Id.*, ¶ 115. ***Second***, that the

statute is content and viewpoint based discrimination. *Id.*, ¶¶ 124-135. ***Third***, that the statute conflicts or frustrates federal law and as such should be preempted by the Supremacy Clause. *Id.*, ¶¶ 136-146. This claim has been dismissed. ***Fourth***, that the statute was created to harm a politically unpopular group and as such is a violation of the Fourteenth Amendment as it relates to the equal protection and due process clauses. *Id.*, ¶¶ 147-152.

The Utah defendants responded to the claims by presenting a motion to dismiss. *Id.*, Dkt. 24 (October 11, 2013). The Utah defendants attacked the standing of the Utah plaintiffs, argued that Utah's law was not motivated by animus, and asserted Federal preemption was inapplicable. *Id.* As to the standing argument, the Utah court agreed, in part, and dismissed Counterpunch, Will Potter, James McWilliams, and Jesse Fruhwith. *Id.*, Dkt. 53 (August 8, 2014). The Court's ruling was based on the defense argument that these plaintiffs were merely seeking the information for purposes of research and/or reporting upon the information after it had been gathered by undercover operatives who had gained access to an agricultural production facility. *Id.*, Dkt. 24 (October 11, 2013). Because the Utah statute does not prohibit the type of activity identified by these particular plaintiffs, the court dismissed them as parties to the action. *Id.*, Dkt. 53 (Aug. 8, 2014). These plaintiffs, and their identified concerns as to reporting upon information that had been gathered in violation of the existing statute, are not subject to any chilling effect. *Id.*, Dkt. 24 (Oct. 11, 2013).

The Supremacy Clause argument focused on application of the Federal False Claims Act, (31 U.S.C. § 3729, 3730). *Id.*, Dkt. 24 (October 11, 2013). The Utah plaintiffs argued the Utah statute frustrated the ability of agricultural employees to report fraud related to federal contracts. *Id.*, Dkt.33 (Dec. 10, 2013). The defense argued that preemption could not

apply because the statute only prohibited trespass and fraud, and did not prohibit reporting of fraud. *Id*., Dkt. 24 (Oct. 11, 2013). The Court agreed with the defense and dismissed the Supremacy Act claim. *Id*., Dkt. 53 (August 8, 2014).

ALDF has likewise made a Supremacy Act claim in this case. As such, the Utah court's reasoning and determinations are persuasive. Idaho's statute specifically states that a recording can be made without express consent if the recording is made ***with statutory authorization***. This eliminates any holding that the Idaho statute and the federal law are in conflict.

### B. The Class Of Persons Included As Plaintiffs Are Not Politically Unpopular, Or A Suspect Class Of Individuals, Or A Class Otherwise Subject To Discriminatory Treatment

ALDF contends that Section 18-7042 was adopted with a desire to harm groups such as those encompassed within the group of Plaintiffs, which ALDF characterizes as politically unpopular. *See* Dkt. 74-1 at 20. ALDF makes no suggestion that the group of Plaintiffs are a suspect class of individuals, or that they are otherwise entitled to protection from discriminatory treatment. Rather, ALDF argues only that they are politically unpopular. This argument is presented to buttress ALDF's position that the legislation was motivated by animus toward groups such as the class of Plaintiffs, and because they are politically unpopular they are deserving of protection by application of the equal protection clause. *Id*. Putting aside the lack of legal authority for that argument, the factual underpinning is likewise unsupported by the current record. The statement that Plaintiffs are politically unpopular is controverted by the record. The record shows that 71% (or perhaps 77%) of Americans oppose legislation such as Section 18-7042, and that 99% of the media coverage on the issue is negative to such legislation.

Dkt. 75-1, Ex. A at 23 and Ex. C at 69. The interest at the germane Senate committee hearing reveals near even division, with 21 proponents and 17 opponents appearing. Dkt. 56-2 at 15-22.[17] The legislative voting record on Section 18-7042 demonstrates that votes were not cast along party lines, with members of both political parties both supporting and opposing the legislation. Dkt. 75-1, Exs. B and D.

Furthermore, matters outside the record presented by the parties demonstrate the fallacy of ALDF's position that they constitute a politically unpopular group. Plaintiff ACLU is a vast, nationwide organization that is well-known and has considerable influence. It has a budget, relying upon voluntary donors, of nearly $37 million per year.[18] Plaintiff Animal Legal Defense Fund is likewise an organization with nation-ide respect and influence, consisting of over 100,000 members,[19] and having an annual budget of nearly $6 million per year,[20] also relying on voluntary donors. Mercy for Animals, the intermeddler often referred to in the Legislative record, has a budget of nearly $2.5 million per year from voluntary donors.[21] Organizations such as these, with the ability to generate millions in cash and subscribe hundreds of thousands of donors, can hardly be characterized as politically unpopular – rather they are politically influential. As such, to the extent that political unpopularity is the touchstone for

---

[17] The numbers were not as favorable to opponents at the germane House committee hearing, where 106 proponents appeared compared to only 32 opponents. Dkt. 56-3 at 9-18.

[18] *See* GuideStar report, at www.guidestar.org/organizations/13-3871360/american-civil-liberties-union.aspx.

[19] *See* website of Animal Legal Defense Fund at www.aldf.org.

[20] *See* GuideStar Report at www.guidestar.org/organizations/94-2681680/animal-legal-defense-fund.aspx.

[21] *See* GuideStar report, at www.guidestar.org/organizations/54-2076145/mercy-animals.aspx.

application of so-called "animus" doctrine under the Equal Protection Clause, ALDF cannot meet that criteria.

## II.
## CONCLUSION

For the reasons set forth above, and for those contained in the Defendant's and *amicus curiae* Idaho Dairymen's Association's briefs, the Plaintiffs' Motion for Partial Summary Judgment should be denied.

DATED this 2 day of February, 2015.

MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

By [signature]
Norman M. Semanko – Of the Firm
Attorneys for *Amicus Curiae*
Idaho Farm Bureau Federation, Inc., Idaho Heartland Coalition, Inc., Food Producers of Idaho, Inc., and Idaho Cattle Association, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2 day of February, 2015, I filed the foregoing *AMICUS CURIAE* **IDAHO AGRICULTURAL GROUPS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Justin Marceau
Animal Legal Defense Fund
jmarceau@law.du.edu

Matthew Liebman
Animal Legal Defense Fund
mliebman@aldf.org

Matthew Strugar
PETA Foundation
matthew-s@petaf.org

Clay R. Smith
Office of the Attorney General
clay.smith@ag.idaho.gov

Carl J. Withroe
Office of the Attorney General
carl.withroe@ag.idaho.gov

Daniel V. Steenson
Sawtooth Law Offices
dan@sawtoothlaw.com

Charles A. Brown
CharlesABrown@cableone.net

Leslie Brueckner
lbrueckner@publicjustice.net

Paige M. Tomaselli
Center for Food Safety
ptomaselli@centerforfoodsafety.org

Richard Alan Eppink
ACLU of Idaho
reppink@acluidaho.org

Maria Andrade
Andrade Legal
mandrade@andradelegal.com

Thomas C. Perry
Office of the Governor
tom.perry@gov.idaho.gov

Cally A. Younger
Office of the Governor
cally.younger@gov.idaho.gov

David P. Claiborne
Sawtooth Law Offices
david@sawtoothlaw.com

Bruce D. Brown
bbrown@bakerlaw.com

Jeffery S. Gulley
jeffg@whistleblower.org

Norman M. Semanko