UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>LAWRENCE WASDEN, in his official capacity as Attorney General of Idaho,<br><br>      Defendant. | Case No. 1:14-cv-00104-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Before the Court is Plaintiffs' Motion for Declaratory Judgment (Dkt. 140). For the reasons explained below, the Court will deny the motion.

# BACKGROUND

In February 2014, Idaho enacted a law criminalizing "interference with agricultural production" to protect its farmers. *See* Idaho Code § 18-7042. Under this statute, a person interferes with agricultural production by knowingly:

> (a) entering an agricultural production facility by force, threat, misrepresentation, or trespass if the person is not employed at the facility;
>
> (b) obtaining records of an agricultural production facility by force, threat, misrepresentation or trespass;
>
> (c) obtaining employment with an agricultural production facility by force, threat, misrepresentation, or trespass with the intent to cause economic or other injury to the facility's operations, livestock, crops, owners,

   personnel, equipment, buildings, premises, business interests or customers; or

 (d) entering an agricultural production facility that is not open to the public, and, without the facility owner's express consent or pursuant to judicial process or statutory authorization, makes audio or video recordings of the conduct of an agricultural production facility's operations.

*See* Idaho Code § 18-7042(1)(a)-(d).

  Shortly after Idaho passed this legislation, the Animal Legal Defense Fund and various other animal rights organizations (collectively, "ALDF") sued, alleging that the statute violated the Free Speech and Equal Protection clauses of the First and Fourteenth Amendments. This Court agreed; in November 2015, it granted plaintiffs' motion for partial summary judgment on their First Amendment and Equal Protection claims, concluding that all four challenged subsections of Idaho Code § 18-7042(1) violate the First and Fourteenth Amendments.

  Idaho appealed, and the Ninth Circuit affirmed in part and reversed in part. *See Animal Legal Defense Fund v. Wasden*, 878 F.3d 1184 (9th Cir. 2018). The Ninth Circuit affirmed the Court's ruling on subsections (1)(a) and (d), concluding that "Idaho's criminalization of misrepresentations to enter a production facility, § 18-7042(1)(a), and ban on audio and video recordings of a production facility's operations, § 18-7042(1)(d), cover protected speech under the First Amendment and cannot survive constitutional scrutiny." *Id.* at 1190. But the Ninth Circuit reversed on subsections (1)(b) and (c), stating that in accordance with *United States v. Alvarez*, 567 U.S. 709 (2012), "Idaho's criminalization of misrepresentations to obtain records and secure employment are not protected speech under the First Amendment and do not violate the Equal Protection

Clause." *Id.* The Ninth Circuit instructed this Court to modify its permanent injunction accordingly. *Id.* at 1205.

Plaintiffs, however, say that this Court should not just modify its permanent injunction. They ask the Court to also enter a separate declaratory judgment clarifying the Ninth Circuit's ruling on subsection (1)(c). Subsection (1)(c) deals with making misrepresentations to get a job, and plaintiffs say their undercover investigators make misrepresentations when applying for jobs at agricultural production facilities. For example, they might falsely deny affiliations with animal rights groups or deny having a degree in journalism.

Plaintiffs ask the Court to issue a blanket declaration that Idaho Code § 18-7042(1)(c), as interpreted by the Ninth Circuit, "does not apply to the employment-based undercover investigations that Plaintiffs undertake." *Motion Mem.*, Dkt. 14-1, at 5. Alternatively, plaintiffs ask the Court to issue a declaratory judgment in their favor on their as-applied constitutional claims. Neither request will be granted.

# DISCUSSION

## 1. The Request for a Clarifying Order Regarding Idaho Code § 18-7042(1)(c)

Plaintiffs' first request, for a "clarifying" declaratory judgment, is problematic for at least two reasons.

First, the rule of mandate prohibits it. The Ninth Circuit ruled on plaintiffs' facial challenge to Idaho Code § 18-7042(1)(c), and this Court is prohibited from revisiting that determination. *See generally United States v. Cole*, 51 F.3d 178, 181 (9th Cir. 1995).

Second, plaintiffs misapprehend the Ninth Circuit's ruling. The request for a clarifying order rests on the incorrect premise that the Ninth Circuit upheld the constitutionality of subsection (1)(c) only after narrowing the intent component of that subsection. Subsection (1)(c) addresses intent in the italicized statutory language shown here:

> (1) A person knowingly commits the crime of interference with agricultural production if the person knowingly:
> . . .
> . . .
> (c) Obtains employment with an agricultural production facility by force, threat, or misrepresentation *with the intent to cause economic or other injury to the facility's operations, livestock, crops, owners, personnel, equipment, buildings, premises, business interests, or customers*.

(emphasis added). According to plaintiffs, the Ninth Circuit narrowed the emphasized language such that it now covers only those who act with "a specific intent to cause concrete injury." *Motion Mem.,* Dkt. 140-1, at 14.

But the Ninth Circuit did not say that. To the contrary, the Ninth Circuit said that when the Idaho legislature drafted subsection (c), it was almost as though it did so with the Supreme Court's decision in "*Alvarez* by its side" given that the subsection "follows the Supreme Court's guidance as to what constitutes a lie made for material gain." *Id.* at 1201 (citing *Alvarez*, 567 U.S. at 723). In *Alvarez*, the plurality stated that "[w]here false claims are made to effect a fraud or secure moneys or other valuable considerations, *say offers of employment*, it is well established that the Government may restrict speech without affronting the First Amendment.'" *Alvarez*, 567 U.S. at 723 (as quoted and emphasized by *Wasden*, 878 F.3d at 1201). ALDF says undercover investigators do not

receive material gain by virtue of their deception because they don't really want the paycheck they receive. But as the Ninth Circuit observed, "ALDF ignores that the Supreme Court singled out offers of employment and that these undercover investigators are nonetheless paid by the agricultural production facility as part of their employment." *Wasden*, 878 F.3d at 1201.

The Ninth Circuit separately addressed the intent element of subsection (c), but it did not narrow the statutory language. Rather, in describing this portion of subsection (c), the court stated, "Additionally, subsection (c) limits criminal liability to only those who gain employment by misrepresentation *and who have the intent to cause economic or other injury to the agricultural production facility*, which further cabins the prohibition's scope." *Id.* at 1201 (emphasis added). The court also observed that, "Of course this does not mean that every investigative reporter hired under false pretenses intends to harm the employer. That is a critical element that requires proof." *Id.* at 1202. In other words, intent must be determined on a case-by-case basis, depending on the facts.

The Ninth Circuit *did* narrow the statute's restitution clause (found in subsection (4)), but the Court is not persuaded by plaintiffs' argument that the Ninth Circuit meant to apply this narrowing concept to subsection (1)(c). The restitution clause states that if a person is convicted of interfering with agricultural production, they must make restitution to the victim of the offense "in an amount equal to twice the value of the damage resulting from the violation . . . ." Idaho Code § 18-7042(4). The Ninth Circuit rejected ALDF's argument that the restitution clause was a way to punish journalists and

**MEMORANDUM DECISION AND ORDER - 5**

whistleblowers for printing exposés, explaining that this argument failed because "we do not interpret the restitution clause to include reputational and publication damages." *Id.* at 1202 (citing *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 52 (1988)). Rather, after reviewing the statutory language and Idaho case law, the court determined that "[t]he restitution clause focuses on actual, quantifiable economic loss as opposed to abstract damages and reputational harm." *Id.* at 1202. Ultimately, then, if a person is convicted of violating subsection (1)(c), and damages flow from that violation, the defendant will not be required to pay reputational and publication damages as part of any restitution order. But this does not mean that the Ninth Circuit narrowed the sort of intent necessary to violate the statute in the first place. As stated in the opinion, the intent component of subsection (1)(c) will be satisfied if the defendant intends to cause economic or other injury to the agricultural production facility, 878 F.3d at 1201, and whether that intent exists will be a matter of proof in any given case.

Plaintiffs' request for a clarifying order will therefore be dismissed as the Court lacks jurisdiction to order this form of relief. Alternatively, the Court will deny the request on the merits.

**2.     The Alternative Request for Declaratory Judgment on As-Applied Claims**

Plaintiffs also request, in the alternative, a declaration that subsection (1)(c) is unconstitutional as applied to their intended activity. Given that the Ninth Circuit addressed only plaintiffs' facial challenge, the rule of mandate does not prevent the Court addressing any as-applied claims.

But even though the Court may address these claims, plaintiffs are not entitled to a declaration in their favor. As Idaho points out, if a plaintiff wishes to obtain judgment on a claim before trial, the logical procedural move is to seek summary judgment – not move for a declaratory judgment. For that reason alone, the Court will deny this motion.

Further, there is a substantive problem with plaintiffs' request. Based on the declarations plaintiffs submitted in support of their motion, along with the sweeping order they seek, plaintiffs do not truly appear to be asserting as-applied claims. They are asking the Court to hold that subsection (1)(c) does not apply to certain categories of people who will undertake certain types of undercover investigations at unspecified agricultural production facilities. Neither the complaint nor the affidavits filed in support of this motion focuses on any specific undercover investigator who either has a job, or intends to get a job, at a specific agricultural production facility. Thus, the declaration plaintiffs seek could conceivably apply to large numbers of undercover investigators seeking employment at all sorts of "agricultural production facilities," potentially including not only "a large-scale dairy facility or cattle feedlot, but also [at] grocery stores, garden nurseries, restaurants that have an herb garden or grow their own produce, llama farms that produce wool for weaving, beekeepers, a chicken coop in the backyard, a field producing crops for ethanol, and hardware stores, to name a few." *Wasden*, 878 F.3d at 1197 (discussing types of facilities included in the broad statutory definitions of "agricultural production facility" and "agricultural production" found in Idaho Code § 18-7042(2)). To obtain this sort of relief, plaintiffs must satisfy the standards for a
**MEMORANDUM DECISION AND ORDER - 7**

facial challenge. *See John Doe No. 1 v. Reed*, 561 U.S. 186 (2010). Plaintiffs have already sought that form of relief, and the Ninth Circuit decided they are not entitled to it.

Under these circumstances, the Court will deny the request for a declaratory judgment and will also decline plaintiffs' invitation to construe this motion as one for summary judgment.

**3.      Scheduling Conference**

At this point, the Court believes the most logical procedural path forward is for the Court to (1) modify the permanent injunction consistent with the Ninth Circuit's opinion and then (2) rule on the forthcoming attorneys' fees motion (related to attorneys' fees on appeal), which was transferred back to this Court at plaintiffs' request. This case should then come to an end in this Court.

The Court will, however, schedule a status conference to discuss whether the parties believe any additional matters need to be addressed. That conference will be scheduled by a separate order. At this conference, the parties should be prepared to discuss plaintiffs' as-applied and preemption claims[1] and whether plaintiffs intend to further pursue those claims within this action.

---

[1] As the parties are aware, ALDF initially claimed preemption under the False Claims Act, the Food Safety Modernization Act, and the Clean Water Act. This Court previously deemed these claims moot, *Nov. 12, 2015 Final Judgment & Permanent Injunction,* Dkt. 116, and ALDF did not address those claims on appeal.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Declaratory Judgment (Dkt. 140) is **DENIED**.

2. Plaintiff's unopposed Request for Judicial Notice (Dkt. 142) is **GRANTED**.

DATED: May 8, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge